**LISA LEE MINES (TERRILYNNE COAL COMPANY), Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; Alva Rutter, Respondents.**

No. 94–2523.

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1995.

Decided June 16, 1995.

---

**ARGUED:** Ronald Eugene Gilbertson, Kilcullen, Wilson & Kilcullen, Chartered, Washington, DC, for petitioner. Barry H. Joyner, Office of the Solicitor, U.S. Dept. of Labor, Washington, DC, for respondents. **ON BRIEF:** Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Christian P. Barber, Counsel for Appellate Litigation, Karen N. Blank, Office of the Solicitor, U.S. Dept. of Labor, Washington, DC, for respondents.

Before RUSSELL, HAMILTON, and LUTTIG, Circuit Judges.

Vacated and remanded by published opinion. Judge LUTTIG wrote the opinion, in which Judge RUSSELL and Judge HAMILTON joined.

## OPINION

LUTTIG, Circuit Judge:

Having previously been denied black lung benefits, Virginia miner Alva Rutter filed a "duplicate claim" for benefits under 20 C.F.R. § 725.309. The ALJ awarded benefits. The Benefits Review Board held that the ALJ's reasoning was flawed, but nonetheless affirmed the award on other grounds. Rutter's employer, petitioner Lisa Lee Mines (Lisa Lee), seeks review of the Board's decision. Because we conclude that the Board exceeded its mandate and employed an improper standard in reviewing Rutter's claim, we vacate and remand.[1]

## I.

Alva Rutter filed his first application for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, in 1986. A Department of Labor deputy commissioner denied that claim, finding that although Rutter had presented evidence of complicated pneumoconiosis, he had not established that the disease was caused by coal mine work, or that he was totally disabled by the disease. The notice of denial of benefits informed Rutter of the procedures for appealing the decision, but Rutter did not take any action to contest the denial within 60 days, nor did he seek reconsideration of the decision within one year. The denial of benefits therefore became final.

Rutter continued to work in the mines, and in 1989 filed a second application for black lung benefits. The regulation applicable to such "duplicate claims" provides that

> [i]f the earlier miner's claim has been finally denied, the later claim shall also be denied, on the grounds of the prior denial, unless the deputy commissioner determines that there has been a material change in conditions. . . .

20 C.F.R. § 725.309(d).[2] Rutter's duplicate claim was initially reviewed by a Department of Labor deputy commissioner, who determined that Rutter was eligible for benefits from Lisa Lee. Dissatisfied with the Deputy Commissioner's ruling, which failed to explain how Rutter's evidence demonstrated a material change in conditions since 1986, Lisa Lee requested that the matter be referred to an ALJ for a determination of whether a material change in conditions had in fact occurred.

---

1. Because we vacate the Board's decision on these grounds, we do not address Lisa Lee's alternative argument that 20 C.F.R. § 725.309, the regulation which permits claimants such as Alva Rutter to file "duplicate claims," is inconsistent with 30 U.S.C. § 922 and therefore invalid. *See* Petitioner's Br. at 12–16.

2. Section 725.309(d) also states that the duplicate claim will not be denied if "the later claim is a request for modification and the requirements of § 725.310 are met." Rutter's claim, however, did not seek modification of the earlier denial of benefits.

On referral, the ALJ failed to make the explicit finding of material change in conditions seemingly required by section 725.309(d). He found only that "the newer evidence appears to support the deputy commissioner's award, ... establish[ing] a deterioration of the disease." J.A. at 14. The ALJ concluded that Rutter was entitled to benefits because the 1986 denial of benefits had been improper:

> Based on the x-ray evidence at the time, there is no question that the deputy commissioner erred in denying the claim in 1986.

> . . . . .

> *Assuming that the evidence is inadequate to establish a material change of condition,* it is concluded that the Claimant is still entitled to an award of benefits.

> . . . . .

> The deputy commissioner's prior denial [of Rutter's 1986 claim] is based on an error clearly evident on the face of the record.... Under the circumstances of this record ... the deputy commissioner's [1986] denial is null and void *ab initio.*

> . . . . .

> Accordingly ... *it is believed that a determination whether or not the new evidence establishes a change of condition is immaterial.*

J.A. at 14–16 (emphasis added).

On appeal, the Benefits Review Board affirmed the award of benefits, but only after expressly rejecting the ALJ's reasoning. The Board held that "the administrative law judge was without jurisdiction to consider [the 1986] decision," and that "the administrative law judge erred as [a] matter of law in concluding that claimant would be entitled to an award of benefits even if he could not establish a change in conditions." J.A. at 4. Rather than remand to the ALJ for a determination of whether Rutter had shown a

material change in conditions, however, the Board undertook that analysis itself, and concluded that the ALJ's findings were sufficient to support a finding of material change in conditions under the Board's decision in *Spese v. Peabody Coal Co.,* 11 B.L.R. 1–174 (1988). Under *Spese,* a claimant may show material change in conditions merely by "present[ing] evidence which is 'relevant and probative so that there is a reasonable possibility that [it] would change the prior administrative result.'" J.A. at 6 (quoting *Spese,* 11 B.L.R. at 1–176). In the Board's view, Rutter had satisfied the *Spese* standard by introducing new evidence—in the form of two x-ray analyses, a pulmonary function study, a blood gas study, and a physical examination—that suggested he was entitled to benefits.

## II.

 The ALJ plainly lacked authority under 20 C.F.R. § 725.309(d) to revisit the 1986 ruling,[3] and the ALJ's conclusion that "a determination of whether or not the new evidence establishes a change of condition is immaterial" to an evaluation of a duplicate claim was in direct contravention of section 725.309(d). The Board therefore properly rejected the reasoning underlying the ALJ's award of benefits. The Board itself erred, however, by proceeding to evaluate whether Rutter's evidence established the necessary material change in conditions, rather than remanding to allow the ALJ to undertake this determination. *See DOWCP v. Rowe,* 710 F.2d 251, 254–55 (6th Cir.1983) ("We hold that the Board failed to adhere to its limited statutory function.... When the ALJ fails to make important and necessary factual findings, the proper course for the Board is to remand the case to the ALJ ... rather than attempting to fill the gaps in the ALJ's opinion."); *Sahara Coal Co. v. OWCP,* 946 F.2d 554, 557 (7th Cir.1991) ("A material change in condition ... is a factual question

---

**3.** The regulation authorizing the reconsideration of prior decisions is 20 C.F.R. § 725.310, which provides that "[u]pon his or her own initiative, or upon the request of any party on grounds of a change in conditions or because of a mistake in a determination of fact, the deputy commissioner may ... *at any time before one year after the*

*denial of a claim,* reconsider ... [a] denial of benefits." (Emphasis added.) As noted earlier, *see supra* n. 2, Rutter could not avail himself of this regulation because by 1989 more than a year had passed since the denial of his initial application for benefits.

for the administrative law judge, not the Benefits Review Board, to resolve.").

■ The Board further erred in evaluating Rutter's duplicate claim under the standard set forth in *Spese*. The *Spese* standard allows the "material change in conditions" requirement of 20 C.F.R. § 725.309(d) to be satisfied merely by "evidence which is 'relevant and probative so that there is a reasonable possibility that [it] would change the prior administrative result.'" This standard impermissibly allows a claimant to present— in addition to evidence tending to show that his condition has materially changed since the earlier denial of benefits, as contemplated by section 725.309(d)—evidence available at the time of the initial decision tending to show that the initial decision was in error. *See, e.g., Sahara*, 946 F.2d at 556 (*Spese* "is a plain misreading of the regulation and makes mincemeat of res judicata; . . . it seems the Board ha[s] confused a change in the claimant's condition with the presentation of newly discovered evidence that might justify reopening the case. . . ."); *Sharondale Corp. v. Ross*, 42 F.3d 993, 996–99 (6th Cir.1994). The purpose of section 725.309(d) is not to allow a claimant to revisit an earlier denial of benefits, but rather only to show that his condition has materially changed since the earlier denial. Section 725.310 is the only provision that allows a claimant to challenge a denial of benefits. *See supra* n. 3. On remand, therefore, the ALJ should not rely upon *Spese* in evaluating whether claimant has shown a material change in condition such as to warrant the award of benefits.

While the parties before us agree that *Spese* is an impermissible reading of section 725.309(d), they are not in accord as to which standard should replace *Spese*. Lisa Lee urges adoption of the rule articulated by the Seventh Circuit in *Sahara:*

A material change in conditions means either that the miner did not have black lung disease at the time of the first application but has since contracted it and become totally disabled by it, or that his disease has progressed to the point of becoming totally disabling although it was not at the time of the first application. . . . If the evidence shows not that his condition has

worsened since the first application but merely that he should not have been turned down, he has failed to demonstrate a material change in his condition; he is merely attempting to relitigate his original claim.

*Sahara*, 946 F.2d at 556. The Director argues that *Sahara* imposes too great a burden upon the miner to establish a change in condition, and would have us instead adopt a standard which "requires simply that the miner prove at least one of the elements of entitlement previously decided against him." Respondent's Br. at 31. Specifically, under the Director's proposed standard, the ALJ would

consider the new evidence, submitted by all parties in connection with the duplicate claim, to determine whether the miner has proven at least one of the elements of entitlement previously adjudicated against him. The element in question must be one capable of change (for example, the existence of pneumoconiosis, total disability, etc.). If this element is established, then a material change has been demonstrated as a matter of law. The judge must then consider whether all of the evidence in the record, including the evidence predating the denial of the prior claim, supports a finding of entitlement to benefits.

Respondent's Br. at 22 (footnotes omitted).

■ Faced with the same choice of rules, the Sixth Circuit opted for the Director's proposed standard, on the grounds that the Director's view is entitled to the deference we conventionally accord agency interpretations. *Sharondale*, 42 F.3d at 998 (citing *Pauley v. BethEnergy Mines, Inc.*, 501 U.S. 680, 696, 111 S.Ct. 2524, 2533–34, 115 L.Ed.2d 604 (1991); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 845, 104 S.Ct. 2778, 2783, 81 L.Ed.2d 694 (1984)). In our view, the Director's proposed standard is not entitled to deference because it is not a reasonable interpretation of section 725.309(d). Like the invalid *Spese* standard, the "one element" standard proposed by the Director allows the claimant to bootstrap into reconsideration of the original decision denying benefits. As the Director frankly acknowledges, once the "material change" threshold is crossed by proving one of the elements previously adju-

dicated against the claimant, then all errors committed in the initial proceeding become reviewable. *See* Respondent's Br. at 29. Effectively, therefore, the original decision denying benefits is reopened without a showing of actual material change. Judge Posner's observation as to the *Spese* standard is equally apropos of the "one element" standard: it "makes mincemeat" of the doctrine of *res judicata* underlying section 725.309(d).

Respondent Rutter's case is paradigmatic of the regulatory circumvention that would result from adoption of the Director's standard. Rutter's 1986 application for benefits was denied because the deputy director concluded that Rutter had failed on two grounds to establish a valid claim. Notwithstanding that this decision became final by virtue of Rutter's failure to appeal timely, Rutter would, under the Director's standard, be permitted effectively to challenge both grounds of this decision merely by proving a material change in the conditions that prompted the decision on one of the grounds. Reconsideration of the decisional ground as to which the underlying circumstances remain unchanged, however, is precisely what is prohibited by section 725.309(d). Indeed, given that the Director's "one element" standard suffers from the same fundamental flaw as does the *Spese* standard, namely, that it permits reconsideration of critical determinations underlying a decision denying benefits where no material change in the conditions prompting those determinations is actually shown, we are at a loss to understand how the Director can urge this standard and at the same time concede the invalidity of the *Spese* standard.

■ We reject the "one element" standard, in favor of the standard adopted by the Seventh Circuit in *Sahara*, a standard which, unlike that proposed by the Director, is faithful both to the language and purposes of section 725.309(d). The decision of the Board is vacated and the case is remanded to the ALJ for reconsideration of Rutter's claim under the standard adopted herein.

*VACATED AND REMANDED.*