UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHARLES E. WELLS,
Petitioner,

v.

DEHUE COAL COMPANY; DIRECTOR,

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

No. 95-2712

On Petition for Review of an Order
of the Benefits Review Board.
(93-1846-BLA, 92-441-BLA)

Submitted: July 31, 1996

Decided: November 12, 1996

Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

George A. Mills, III, Huntington, West Virginia, for Petitioner.
John P. Scherer, FILE, PAYNE, SCHERER & FILE, Beckley, West
Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Wells petitions for review of an order of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") denial of black lung benefits. We previously placed this appeal in abeyance pending our decision on rehearing in Lisa Lee Mines v. Director, Office of Workers' Compensation Programs, No. 94-2523, slip opinion (4th Cir. June 19, 1996). Our ultimate decision in Lisa Lee requires remand of this appeal.

The ALJ's denial of benefits in this case was based upon his determination that Wells failed to prove a material change in conditions pursuant to 20 C.F.R. § 725.309 (1995). The ALJ determined that Wells's newly submitted evidence relating to the existence of pneumoconiosis or a totally disabling respiratory or pulmonary impairment failed to prove the existence of such disease or condition. The Board's affirmance relied on our original holding in Lisa Lee that to establish a material change in conditions in duplicate claims cases, a claimant must show that he did not have pneumoconiosis at the time his prior claim was denied but has since contracted it and become totally disabled by it, or that the disease, having previously existed, has progressed, subsequent to the prior denial, to the point where it is totally disabling. See Lisa Lee Mines v. Director, Office of Workers' Compensation Programs, 57 F.3d 402, 406 (4th Cir. 1995).

Under this standard, a claimant's new evidence must establish all essential elements of a black lung claim which were not previously established. Thus, even though the Board, in its first consideration of this case, determined that the ALJ erred by finding Wells's new evidence insufficient to establish total disability, it nonetheless affirmed the ALJ's finding of no material change based on its affirmance of the ALJ's determination that Wells's new evidence could not establish pneumoconiosis. Hence, the Board affirmed the ALJ's denial of benefits.

2

On rehearing in <u>Lisa Lee</u>, however, we adopted the "one-element" standard proposed by the Director, Office of Workers' Compensation Programs ("Director"), for purposes of determining whether a claimant establishes a material change in conditions in duplicate claims cases. That standard merely requires the claimant to prove, by means of evidence of his medical condition subsequent to the prior denial, at least one element previously adjudicated against him. <u>See Lisa Lee Mines</u>, No. 94-2523, slip op. at 8. Under this standard, Wells could establish a material change, despite his inability to prove the existence of pneumoconiosis through new evidence, if his new evidence proves that he has a totally disabling respiratory or pulmonary impairment.

The record contains conflicting evidence relating to the issue of disability, but we agree with the Board's finding in its first decision in this case that Dr. Rasmussen's opinion could, if fully credited, establish total disability. Dr. Rasmussen opined that the miner's ventilatory impairment would render him totally disabled to perform heavy and very heavy manual labor. The ALJ made no findings regarding the exertional requirements of the miner's job. Depending on those requirements, Dr. Rasmussen's opinion could support a finding of total disability. <u>See Eagle v. Armco, Inc.</u>, 943 F.2d 509, 512-13 (4th Cir. 1991); <u>Walker v. Director, Office of Workers' Compensation Programs</u>, 927 F.2d 181, 183-84 (4th Cir. 1991).

We therefore vacate the decision of the Board and remand this case to the Board for further remand to the ALJ so that he may reconsider whether Wells can establish a material change in conditions under the new standard announced in our decision on rehearing in <u>Lisa Lee</u>. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3