**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BULLION HOLLOW COAL COMPANY; OLD
REPUBLIC INSURANCE COMPANY,
Petitioners,

v.

No. 96-2423

JAMES E. SPROLES; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(95-1053-BLA)

Argued: May 9, 1997

Decided: June 6, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
CURRIE, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mark Elliott Solomons, ARTER & HADDEN, Washing-
ton, D.C., for Petitioners. Jerry W. Kilgore, WOLFE & FARMER,
Norton, Virginia, for Respondents. **ON BRIEF:** Laura Metcoff
Klaus, ARTER & HADDEN, Washington, D.C., for Petitioners.

Bobby Steve Belcher, Jr., WOLFE & FARMER, Norton, Virginia, for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bullion Hollow Coal Company seeks review of the order of the Benefits Review Board awarding benefits to James E. Sproles under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945 (1994).

I.

Sproles first applied for black lung benefits on December 26, 1972. The Department of Labor rendered a final decision on this claim on February 10, 1981, denying benefits because Sproles failed to establish that he suffered from pneumoconiosis, that his pneumoconiosis was caused by coal mining, or that he was disabled due to pneumoconiosis.

Sproles retired from his work as a coal miner on February 17, 1989 after more than 42 years in the mines. He filed a second or "duplicate" claim for black lung benefits with the Department of Labor on July 24, 1989. The Department made an initial finding that Sproles was eligible for benefits. Bullion disputed this finding and requested a hearing before an Administrative Law Judge.

An ALJ heard the case on May 1, 1991, and awarded benefits on February 19, 1992. The ALJ found that under 20 C.F.R. § 725.309(c) (1996) a "material change in conditions" had occurred since Sproles had originally applied for and been denied benefits. Sproles offered x-ray, physical examination, and medical opinion evidence that he was totally disabled due to pneumoconiosis caused by coal mine

2

employment. The ALJ found that the x-ray evidence was equivocal, but applied the now discredited "true doubt rule" to find pneumoconiosis. See Director, OWCP v. Greenwich Collieries , 512 U.S. 267 (1994). Bullion appealed this decision to the Board.

On February 22, 1994 the Board affirmed the finding of a "material change in conditions" under its test in Spese v. Peabody Coal Co., 11 BLR 1-174 (Ben. Rev. Bd. 1988), and also affirmed the ALJ's finding of pneumoconiosis. The Board reversed the ALJ's finding that Sproles was disabled due to pneumoconiosis because the ALJ had "merged his total disability analysis with his analysis of the cause of such disability." The Board remanded the case for reconsideration.

On remand, a second ALJ was assigned to the case, and on January 19, 1995 that ALJ also awarded benefits. In light of Greenwich Collieries, the ALJ reconsidered the previous finding of pneumoconiosis based on the true doubt rule. The ALJ did not disturb the previous conclusion that the x-ray evidence was in equipoise, but nevertheless found pneumoconiosis based upon the weight of the medical opinions under 20 C.F.R. § 718.202(a)(4) (1996). The ALJ also found that Sproles was totally disabled due to his coal mining employment.

Bullion again appealed to the Board. The Board upheld the second ALJ's findings in all respects, and refused to reconsider the issue of "a material change of conditions" under the standard set forth in the panel decision in Lisa Lee Mines v. Director, OWCP, 57 F.3d 402 (4th Cir. 1995), because we had granted en banc reconsideration of that case. Bullion then appealed to this court.

II.

The primary argument pressed by Bullion on appeal is that this case must be remanded to the Board in light of our en banc decision in Lisa Lee Mines v. Director, OWCP, 86 F.3d 1358 (4th Cir. 1996). In Lisa Lee Mines we stated that to establish "a material change in conditions" under 20 C.F.R. § 725.309(d) a claimant must demonstrate that medical evidence gathered after the prior denial proves one (or more) of the elements previously adjudicated against the claimant. Lisa Lee Mines, 86 F.3d at 1362. This decision overruled, at least in

3

this circuit, the Board's application of the "material change in conditions" standard articulated in Spese v. Peabody Coal Co., 11 BLR 1-174 (Ben. Rev. Bd. 1988). See Lisa Lee Mines, 86 F.3d at 1362-64.

Sproles reapplied for benefits more than a year (actually more than 8 years) after he had been previously denied benefits. Thus, in order to obtain benefits in this second or "duplicate" claim, Sproles must prove "a material change in conditions" since the prior denial of benefits. See 20 C.F.R. § 725.309(d). Because the Board found a material change under the overruled Spese standard, Bullion argues that we must remand this case to the Board for reconsideration in light of the standard established in Lisa Lee Mines.

But, in Lisa Lee Mines itself we did not remand to the Board for reconsideration in light of our newly adopted standard. Rather, we applied the new standard ourselves, and held that the miner had demonstrated a material change in conditions because he had established that he was disabled -- an element previously adjudicated against him -- based on medical evidence compiled after the previous denial. See Lisa Lee Mines, 86 F.3d at 1365; id. (Niemeyer, J. concurring). Because the miner had established a material change of conditions, we affirmed the Board's grant of benefits. See id.

Here we follow precisely the same path established by the en banc court in Lisa Lee Mines. Rather than remanding, we apply the standard articulated in that case to determine if Sproles has "prove[n], under all of the probative medical evidence of his condition after the previous denial, at least one of the elements previously adjudicated against him." Id. at 1362 (emphasis in original).

Sproles' previous application for benefits was rejected because he did not establish: (1) that he had pneumoconiosis; (2) that his pneumoconiosis was caused by coal mining; or (3) that he was disabled due to pneumoconiosis. Therefore, in order to prove "a material change in conditions" Sproles had to present in his second or "duplicate" application medical evidence of his condition after the prior denial of benefits sufficient to establish one of these factors. In fact, Sproles' post-denial evidence is sufficient to prove all of the factors previously adjudicated against him. That is, Sproles has produced evidence that he suffers from pneumoconiosis, due to coal mining, and

4

he was disabled as a result of the pneumoconiosis. Thus, Sproles has met the Lisa Lee Mines test for "a material change in conditions."

Bullion argues that in Lisa Lee Mines "the Court determined that because uncontradicted evidence established `a stark change in condition' [the miner] was entitled to have duplicate claim granted," Reply Brief at 5-6 (quoting Lisa Lee Mines, 86 F.3d at 1362), and because Sproles has not proven any worsening in his condition, he is not entitled to have duplicate claim granted. We did remark on the "stark change" in the medical condition of the miner seeking benefits in Lisa Lee Mines but, if Bullion is suggesting that in Lisa Lee Mines we held that a claimant must show an actual worsening of his medical condition in order to prove a "material change," the company misstates our holding. To repeat, in Lisa Lee Mines we held that all a claimant need prove, based upon recent medical evidence, was "one of the elements previously adjudicated against him" -- not a worsening of his medical condition. Id. at 1362. Perhaps, as an advocate, Bullion feels free to ignore a case's actual holding. We, however, must follow the holdings of circuit precedent. See Norfolk & Western Ry. v. Director, OWCP, 5 F.3d 777, 779 (4th Cir. 1993).

Accordingly, applying the standard set forth in Lisa Lee Mines and proceeding along the path followed there, we affirm the Board's finding of a material change in conditions.

III.

Bullion also challenges the ALJ's findings that Sproles suffered from pneumoconiosis under 20 C.F.R. § 718.202(a)(4) (1996) and that Sproles was disabled due to pneumoconiosis under 20 C.F.R. § 718.204(b) (1996). Bullion argues that these findings violated the Administrative Procedure Act's requirement that an ALJ's decision include a discussion of "findings and conclusions, and the reasons or bases therefor, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A) (1994); see also See v. Washington Metro. Area Transit Auth., 36 F.3d 375, 384 (4th Cir. 1994).

We have carefully reviewed both the ALJ's opinion, and the Board's decision affirming the ALJ's decision. The ALJ thoroughly

5

explained and supported each of his holdings. As such, the Board committed no error in affirming the ALJ.

IV.

For the foregoing reasons the award of benefits to James E. Sproles is

AFFIRMED.

6