**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                   No. 96-4850

FRED GRIFFITH,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-94-465)

Submitted: July 22, 1997

Decided: September 10, 1997

Before HALL and MURNAGHAN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Harold Watson Gowdy, III, OFFICE
OF THE UNITED STATES ATTORNEY, Greenville, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Fred Griffith pleaded guilty to possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (1994), and using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c)(1) (West Supp. 1996). Following a Fed. R. Crim. P. 11 hearing, the court accepted Griffith's guilty plea and sentenced him to serve sixty months on the § 841(a)(1) count, and sixty consecutive months on the § 924(c)(1) count. Griffith appealed and this Court affirmed his conviction and sentence. See United States v. Griffith, No. 95-5477 (4th Cir. May 24, 1996) (unpublished).

Following the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), Griffith filed a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), attacking his conviction under § 924(c)(1). The district court granted the motion and the Government moved for resentencing pursuant to United States Sentencing Commission, Guidelines Manual, § 2D1.1(b)(1) (Nov. 1994).* Griffith objected to being resentenced. The district court overruled Griffith's objection and resentenced him to serve sixty-six months in prison followed by five years of supervised release. Griffith timely appealed. While his appeal was pending, Griffith moved this court to hold his appeal in abeyance pending the outcome of United States v. Hillary, 106 F.3d 1170 (4th Cir. 1997). We granted the motion.

This court issued its decision in Hillary in February 1997. Follow-

_____

*USSG § 2D1.1(b)(1) allows for an enhancement for possession of a firearm. This sentencing enhancement does not apply to possession of a weapon for which the defendant has been convicted under § 924(c). See USSG § 2K2.4 comment (n.2 & backg'd).

2

ing the decision, Griffith's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising the issue of whether the district court erred in resentencing Griffith on the remaining unchallenged drug count after vacating the § 924(c)(1) conviction pursuant to a successful § 2255 motion. In <u>Hillary</u> , the defendant was convicted of a drug trafficking offense and for violating § 924(c)(1). 106 F.3d at 1170. Following the Supreme Court's decision in <u>Bailey</u>, the defendant filed a § 2255 motion attacking his§ 924(c)(1) conviction. <u>Id.</u> at 1171. The district court granted the defendant's motion, but denied the government's request to resentence the defendant under USSG § 2D1.1, stating that it lacked jurisdiction. <u>Id.</u> This court vacated the district court's decision and remanded for resentencing on the drug offense under § 2D1.1, stating:

> (i) where a sentencing issue was not actually litigated and resolved in the original proceeding, and (ii) the failure to so litigate the issue was directly caused by the error in the judgment of which the § 2255 petitioner complains, it is "appropriate" for the district court to resolve the issue in correcting the petitioner's sentence.

<u>Id.</u> at 1173. Thus, after reviewing Griffith's case in light of <u>Hillary</u>, we find that the district court properly resentenced Griffith on the drug conviction under § 2D1.1, and his claim is without merit. Griffith asks this court to reconsider its ruling in <u>Hillary</u>; however, a panel of this court may not overrule another panel's decision. <u>See Norfolk & Western Railway Co. v. Director, Office of Workers' Compensation Programs</u>, 5 F.3d 777, 779 (4th Cir. 1993). We therefore affirm Griffith's sentence.

In accordance with the requirement of <u>Anders</u>, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4