**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4171

JAMES MICHAEL LEWIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-96-505)

Submitted: August 28, 1997

Decided: September 18, 1997

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jack H. Lynn, Greenville, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Harold W. Gowdy, III, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Michael Lewis appeals his conviction entered on his guilty plea to a violation of 18 U.S.C. § 922(g) (1994). Lewis contends that the district court erred in denying his motion to dismiss the charge from his indictment. In doing so, he asks this court to revisit our decision in United States v. Wells, 98 F.3d 808 (4th Cir. 1996), upholding the constitutionality of § 922(g) in the wake of the Supreme Court's decision in Lopez v. United States, 514 U.S. 549 (1995), which found that 18 U.S.C. § 922(q) (1994), exceeded the Congress's power to enact legislation under the Commerce Clause. Specifically, Lewis contends that the Wells decision was in error because it relied on Scarborough v. United States, 431 U.S. 563 (1977). Lewis urges that Lopez must be read as having overruled Scarborough as useful Commerce Clause precedent. Finding no error, we affirm.

This court has rejected the post-Lopez argument that 18 U.S.C. § 922(g) violates the Commerce Clause. In Wells, 98 F.3d at 811, we held that, unlike the Gun-Free School Zone statute at issue in Lopez, the felon-in-possession statute contains the necessary jurisdictional element and requires the government to prove a nexus between the firearm and interstate commerce. Because of this crucial distinction, the Commerce Clause requires only a "minimal nexus" with interstate commerce to render the statute constitutional. See id. Contrary to Lewis's contention, there is nothing in the Lopez decision that would call into question the applicability of the "minimal nexus" standard to a statute like § 922(g). See United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3264 (U.S. Oct. 7, 1996) (No. 96-5610). Consequently, even were this court at liberty to overrule the panel's decision in Wells, which we are not, see Norfolk & Western Ry. v. Director, OWCP, 5 F.3d 777, 779 (4th Cir. 1993), Lewis presents no compelling argument to do so. The holding in Wells is in accord with all of the other courts of appeals to consider the issue. See Wells, 98 F.3d at 811 (collecting cases).

Finding no merit to Lewis's sole issue for appeal, we affirm his conviction. We grant Appellant's motion to dispense with oral argument because the facts and legal contentions are adequately presented

2

in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3