**SAHARA COAL COMPANY, Petitioner,**

v.

**OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR; and Floyd McNew, Respondents.**

**No. 90–3660.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 10, 1991.

Decided Oct. 24, 1991.

John G. Paleudis (argued), Hanlon, Duff & Paleudis, St. Clairsville, Ohio, for petitioner Sahara Coal Co.

Harold B. Culley, Jr. (argued), Raleigh, Ill., for respondent Floyd McNew.

Donald S. Shire, Sol. Gen., Michael J. Denney (argued), Steven D. Breeskin, Karen N. Blank, Dept. of Labor, Office of the Sol., Washington, D.C., John H. Secaras, Sol. Gen., Dept. of Labor, Chicago, Ill., Louis W. Rogers, Dept. of Labor, Office of Workers' Compensation Program, Washington, D.C., Jeffrey J. Bernstein, Sol. Gen., Office of the Sol., Washington, D.C., for respondent Director, Office of Workers' Compensation Programs.

Before WOOD, Jr., POSNER and KANNE, Circuit Judges.

POSNER, Circuit Judge.

McNew, a former coal miner, first applied for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 *et seq.*, in 1980. A deputy commissioner in the Labor Department's Office of Workers' Compensation Programs denied McNew's application in March of 1981. McNew had sixty days within which to request a hearing before an administrative law judge, at the end of which time his claim would be deemed abandoned unless he had either requested a hearing or submitted new evidence. 20 C.F.R. § 410(c)(1). McNew did neither. Instead he waited six months and then requested a hearing. The request was denied as untimely. He twice sought reconsideration (technically, "modification"—see discussion below) unsuccessfully, the second motion being denied in March of 1982. In October of the following year he filed a second application, and this too was denied by the deputy commissioner. But this time McNew requested, and received, a hearing before an administrative law judge—who awarded him benefits in 1986. The Benefits Review Board affirmed in 1989. (These delays in acting on a benefits claim are unpardonable. It is now eight years since McNew filed his second application.)

 A second application for black lung benefits, filed after the first application was finally denied, may be granted only (as far as relates to this case) if there has been "a material change in conditions." 20 C.F.R. § 725.309(d). Otherwise that first denial, having become final, is res judicata and bars a subsequent application. *Lukman v. Director*, 896 F.2d 1248, 1253–54 (10th Cir.1990); cf. *Pittston Coal Group v. Sebben*, 488 U.S. 105, 122–23, 109 S.Ct. 414, 424–25, 102 L.Ed.2d 408 (1988). A material change in conditions means either that the miner did not have black lung disease at the time of the first application but has since contracted it and become totally disabled by it, or that his disease has progressed to the point of becoming totally disabling although it was not at the time of the first application. *Lukman v. Director, supra,* 896 F.2d at 1253 ("the sole purpose of section 725.309(d) was to provide relief from the ordinary principles of finality and res judicata to miners whose physical condition deteriorates"); see also *Shendock v. Director*, 893 F.2d 1458, 1467 n. 10 (3d Cir.1990) (en banc); Allen R. Prunty & Mark E. Solomons, "The Federal Black Lung Program: Its Evolution and Current Issues," 91 *W.Va.L.Rev.* 665, 721–22 (1989). It is not enough that the new application is supported by new evidence of disease or disability, because such evidence might show merely that the original denial was wrong, and would thereby constitute an impermissible collateral attack on that denial. Suppose for example that in his original application the miner had presented no evidence at all, and been turned down. He reapplies after the first denial has become final and this time presents an abundance of evidence. If the evidence shows not that his condition has worsened since the first application but merely that he should not have been turned down, he has failed to demonstrate a material change in his condition; he is merely attempting to relitigate his original claim.

The Benefits Review Board has a different view. It defines material change of conditions as "that evidence which is relevant and probative so that there is a reasonable possibility that it would change the prior administrative result." *Spese v. Peabody Coal Co.*, 11 Black Lung Rptr. 1–74, 1–76 (BRB 1988) (per curiam). This is a plain misreading of the regulation and makes mincemeat of res judicata; from the cases that the Board cited for its proposition (such as *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir.1986)), it seems the Board had confused a change in the claimant's condition with the presentation of newly discovered evidence that might justify reopening the case as under Rule 60(b) of the Federal Rules of Civil Procedure. The counterpart to Rule 60(b) is not the material-change provision of 20 C.F.R. § 725.309(d), but the modification provision, 20 C.F.R. § 725.310, which permits reconsideration of a denial of benefits on the ground of a mistake of fact and like Rule 60(b) has a one-year deadline and is therefore inapplicable to this case. Section

725.309(d) itself states that a denial of benefits is final unless there has been a material change *or* the second application is a request for modification *and* the requirements of section 725.310 are met. The regulation cannot mean both that you can set aside the denial on the basis of new evidence within one year and that you can set aside the denial on the basis of new evidence at any time. Because the black lung regulations are issued by the Office of Workers' Compensation rather than by the Benefits Review Board, it is to the former body rather than the latter than we owe the usual deference that courts give agencies' interpretations of their own regulations or governing statutes. *Potomac Electric Power Co. v. Director*, 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 514 n. 18, 66 L.Ed.2d 446 (1980); *Mullins Coal Co. v. Director*, 484 U.S. 135, 170, 108 S.Ct. 427, 433, 98 L.Ed.2d 450 (1987) (dissenting opinion). But of course that deference is not unlimited, *id.*, and here the Office merely endorsed in a footnote in its brief, with no supporting reasons offered, the untenable interpretation by the Board.

This may well be a new-evidence case and hence time-barred, rather than a material-change case, although we cannot be sure because the administrative law judge failed (as counsel both for the Office of Workers' Compensation Programs and for McNew conceded at argument) to allude to, let alone discuss, the consequence of the denial of McNew's first application. He treated McNew's second application as if it had been his first. He based his finding of total disability due to black lung disease on two recent x-rays and reports by four physicians—Rao, Calhoun, Chiou, and Sloan. Two of these reports, those by Rao and Calhoun, go back to 1981 and were before the deputy commissioner when he turned down McNew's original application. The other two came later. The administrative law judge placed particular weight on Calhoun's report and secondary weight on Chiou's; it is unclear from his opinion whether he gave any weight to the other reports. Calhoun's report obviously did not bear on the issue of material change. Nor, it seems, did Chiou's, for while it was submitted in connection with McNew's second application, it contains no hint that McNew's condition had deteriorated between the time of his first application and the time that Chiou examined him.

The Benefits Review Board tried to patch up the administrative law judge's opinion by stating in conclusional fashion that "we hold that [a material change] has been established in the instant case based on the evidence submitted by claimant in support of his most recent claim." A footnote summarizes very briefly the Chiou and Sloan reports and mentions the x-rays but nowhere explains how these materials evidence a deterioration in McNew's condition as distinct from a long-standing total disability misassessed by the deputy commissioner in the first round. The opacity of the Board's discussion is a secondary problem. Primary is the fact that it is not the Board's responsibility to make factual determinations but the administrative law judge's. *Shelton v. Old Ben Coal Co.*, 933 F.2d 504, 506 (7th Cir.1991); *Old Ben Coal Co. v. Prewitt*, 755 F.2d 588, 589–90 (7th Cir.1985). A material change in condition, which is to say sufficient deterioration to entitle the claimant to benefits, is a factual question for the administrative law judge, not the Benefits Review Board, to resolve. *Lukman v. Director, supra*, 896 F.2d at 1253. This much the Office of Workers' Compensation Programs concedes. But the Benefits Review Board is of a different view, saying in its opinion that it could make its own determination on the question of material change because "the record contains no evidence which indicates that the deputy commissioner, the proper authority to determine whether a material change of conditions has been demonstrated, made an actual determination, based on the most recent claim and the documents submitted therewith, as to whether or not claimant had sufficiently demonstrated that a material change in conditions had occurred." This is a muddle. What is true is that all claims, whether initial or subsequent, go to the deputy commissioner first. *Eifler v. Office of Workers' Compensation Programs*, 926 F.2d 663, 665–66 (7th Cir.

1991). And in the case of a subsequent claim he must make an initial determination whether the criterion of material change has been met. But if as here there are disputed facts either party has a right to a hearing before an administrative law judge. *Id.* at 666; *Lukman v. Director, supra,* 896 F.2d at 1251–53. And then it is the administrative law judge who must make a determination whether, in fact, there has been a material change in the claimant's condition. *Id.* at 1253. That was not done in this case and the Board has no authority to bypass the administrative law judge and make its own findings.

■ The respondents argue that the error by the administrative law judge was harmless. The harmless-error doctrine is available in judicial review of administrative action; it is an exception to the *Chenery* principle. *Newell v. Director,* 933 F.2d 510, 512 (7th Cir.1991); *Bethlehem Steel Corp. v. Gorsuch,* 742 F.2d 1028, 1036 (7th Cir.1984). If the outcome of a remand is foreordained, we need not order one. The respondents say it is obvious that the error was harmless, because the evidence considered by the administrative law judge shows that McNew is totally disabled as a consequence of black lung disease, yet he could not have been disabled at the time of his first application or that application would have been granted, and therefore his condition must have changed materially between the first and second applications. This is too pat. The administrative law judge and the deputy commissioner may simply have disagreed about the strength of the evidence of disability. The deputy commissioner did not render an opinion in denying either application but it is consistent with his action that he was unimpressed by Dr. Calhoun's report, to which the administrative law judge later gave such weight. Or that had Dr. Chiou examined McNew earlier and submitted a report to the deputy commissioner in connection with the first application McNew would have been awarded benefits then and there. McNew's counsel points out that a comparison of the earlier and later medical reports suggests some deterioration (for example, a reduction in the distance McNew can

walk). But it also suggests the opposite (an increase in the number of stairs McNew can climb—albeit slight, from five to six). The sorting through this evidence to determine whether it demonstrates a material change in McNew's condition is an issue in the first instance for the administrative law judge, not for us and not for the Board.

McNew and the Office of Workers' Compensation argue that if we fail to give the claimant the benefit of the doubt on material change—really, if we insist on taking the regulation that requires a showing of a material change seriously—we shall be putting the claimant in a position where he must prove that he was not totally disabled at the time of his first application, for if he was (but was erroneously denied benefits), there has been no *material* change. This is a logical interpretation—if the claimant was totally disabled at the time of the first application, nothing that happened later would be material in a legal sense. But it may be too stringent (odd it should be urged by a claimant's attorney!). If having established that he is now totally disabled by black lung disease, the claimant also establishes that his present condition is substantially worse than it was the first time he applied, that should be enough to establish his entitlement. To require proof that he was not in fact totally disabled as a result of black lung disease, or that the extent of his disease or of his disability was unclear, would complicate the proceeding unduly. To that extent we agree with the respondents. But if the claimant is only slightly worse off now, he should be required to go further and show that he had missed the disability threshold the first time so that even a slight worsening could be and was a material change in his condition. Unless such proof is required, finality would be out the window. Some deterioration is to be expected in virtually every case, so if that were all that had to be shown, disappointed claimants could file successive applications in virtually all cases. The Office of Workers' Compensation seems, from the position it takes on the meaning of "material change," to at-

tach no significance to finality. We do not follow it that far.

The case must be remanded to the administrative law judge for a determination of whether there has been a material change in condition within the meaning of the regulation as we have interpreted it. If so, there is enough evidence to support the administrative law judge's finding of total disability due to black lung disease (Sahara's objections to the medical reports are quibbles), and McNew is entitled to benefits. If not, not. Since McNew filed his second application so long ago, we urge the administrative law judge to proceed expeditiously on remand.

VACATED AND REMANDED.