979 F.2d 847
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hassell JUSTUS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Consolidation Coal
Company, Respondents.
 No. 92-1137.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 29, 1992
Decided: November 25, 1992
 
 On Petition for Review of an Order of the Benefits Review Board.
 Argued: Margaret Tuttle Schenck, Client Centered Legal Services of Southwest Virginia, Inc., Castlewood, Virginia, for Petitioner.
 Douglas Allan Smoot, Jackson & Kelly, Charleston, West Virginia, for Respondent.
 On Brief: Mary Rich Maloy, Jackson & Kelly, Charleston, West Virginia, for Respondent.
 Ben.Rev.Bd.
 REVERSED AND REMANDED.
 Before WIDENER and HALL, Circuit Judges, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Hassell Justus petitions for review of the Benefits Review Board's decision upholding the denial of his claim for black lung benefits. We reverse and remand for reconsideration.
 
 I.
 
 2
 Claimant Hassell Justus was born November 16, 1925. He finished only the first grade, and his literacy is limited to writing his name. At sixteen, he began work in the coal mines, where he toiled for fortytwo years. He tried to smoke cigars for a month in his youth, but has not smoked since. His work in the mines was strenuous-loading coal, timbering, and roof bolting.
 
 
 3
 In late June, 1984, during his vacation, Justus decided that he could not return to work, because he felt so "dizzy" and "short of breath" that he "couldn't make it to put a shift's work in." He filed this claim promptly, on July 11, 1984.
 
 
 4
 A hearing on this claim was held before an administrative law judge (ALJ) on September 26, 1988. The claimant was the only witness. In brief testimony, he outlined his employment history and the circumstances of his 1984 decision to retire. The parties also introduced extensive medical evidence.
 
 
 5
 Seven of nine x-rays were read as positive for simple pneumoconiosis. Two of seven ventilatory studies produced qualifying results. One of five blood gas studies produced a qualifying result, but the testing machine proved to be improperly calibrated, and the ALJ gave the study little weight.[1]
 
 
 6
 Two examining physicians (Dr. R. F. Baxter and Dr. Mario Cardona) reported that Justus is totally disabled from pneumoconiosis. One examining (Dr. Robert Abernathy) and one non-examining (Dr. Gregory Fino) physician found Justus to have no respiratory impairment.
 
 
 7
 The ALJ issued a decision denying benefits on July 25, 1989. The ALJ found that Justus had established that he suffers from pneumoconiosis and that his pneumoconiosis arose from coal mine employment. However, he found that the pneumoconiosis did not render Justus disabled. The Benefits Review Board (BRB) affirmed.
 
 
 8
 Justus petitions for review.
 
 II.
 A.
 
 9
 This claim was filed July 11, 1984; consequently, the permanent regulations at 20 C.F.R. Part 718 apply. 20 C.F.R.s 718.2. The miner must establish that (i) he suffers from pneumoconiosis, (ii) the pneumoconiosis arose from coal mine employment, (iii) he is disabled, and (iv) his disability arose from his pneumoconiosis. The second of these elements-that the pneumoconiosis arose from coal mine employment-can be established by a rebuttable presumption if the miner has pneumoconiosis and worked ten or more years in the mines. 20 C.F.R. § 302. The interim regulations' presumption of total disability from those same two facts,[2] however, is not available in the permanent regulations.
 
 
 10
 The decision of the BRB must be upheld if it is supported by substantial evidence and is consistent with applicable law. Wilson v. Benefits Review Board, 748 F.2d 198 (4th Cir. 1984).
 
 B.
 
 11
 The ALJ found that Justus has simple pneumoconiosis (from the preponderance of the X-ray evidence), and the presumption of employment-related causation supplied by 42 years in the mines stood unrebutted. Hence, the denial of benefits rests on Justus' supposed failure to demonstrate that he is totally disabled by his pneumoconiosis.
 
 
 12
 The briefs do not mention our recent opinion in Adkins v. Director, OWCP, 958 F.2d 49 (4th Cir. 1992), though Adkins is very much to the claimant's advantage. In Adkins, we rejected the practice of ascribing greater weight to the most recent evidence where that evidence, taken at face value, implies that the miner's condition has improved. Because pneumoconiosis is progressive, i.e. its severity can never diminish, we reasoned that
 
 
 13
 [e]ither the earlier or the later [evidence] must be wrong, and it is just as likely that the later evidence is faulty as the earlier. The reliability of irreconcilable items of evidence must therefore be evaluated without reference to their chronological relationship.
 
 
 14
 Adkins, 958 F.2d at 52. In this case, the ALJ twice employed the rejected "later is better" approach in resolving key conflicts:
 
 
 15
 Of the seven ventilatory function studies, the three most recent produced values well above the qualifying values listed in Table B. Because pneumoconiosis is a progressive disease, I weigh these later tests heavily. [3***
 
 
 16
 In both of Dr. Abernathy's medical reports, he opined that Claimant was not disabled. Both of Dr. Abernathy's reports were based on objective medical data which included the most recent ventilatory function and blood gas tests. I weigh Dr. Abernathy's conclusions on Claimant's disability heavily.
 
 
 17
 When Adkins was brought to the parties' attention at argument, the employer maintained that it should only command reversal where "later is better" is the sole rationale for the ALJ's decision. We see no reason to invent a narrow, special rule for Adkins alone; instead, we will apply ordinary harmless-error analysis. A legal error in a black lung claim is harmless, and remand unnecessary, "if the outcome ... is foreordained." Sahara Coal Co. v. Director, OWCP, 946 F.2d 554, 558 (7th Cir. 1991). The conflicts in evidence that the ALJ resolved with "later is better" are certainly not so one-sided that we could say the result of a remand is "foreordained."
 
 C.
 
 18
 The claimant also argues that the ALJ should not have given any weight to Dr. Abernathy's finding of no disability because of the unexplained inconsistency in his reports as to the existence of pneumoconiosis. Dr. Abernathy examined Justus twice. In his October 14, 1986, report, Dr. Abernathy read an x-ray as 1/0, which he interpreted as "possible" pneumoconiosis (under the regulations, 20 C.F.R. § 410.428, a reading of 1/0 is unequivocally positive for pneumoconiosis). On April 28, 1988, Dr. Abernathy found no pneumoconiosis at all. His second report did not explain the change in his opinion. Consequently, the ALJ gave Dr. Abernathy's opinions little weight as to the existence of pneumoconiosis. As to disability, however, the ALJ came full circle and credited Dr. Abernathy's opinions (which were consistent in the two reports) that Justus has no disabling respiratory impairment.
 
 
 19
 The employer argues that respiratory disability is a wholly different inquiry than existence of pneumoconiosis, and that the ALJ could credit one opinion fully and reject the other just as fully. We are not persuaded. If Dr. Abernathy did not think that Justus had pneumoconiosis-a belief the ALJ found against the weight of the evidence-we cannot lightly conclude that his erroneous opinion did not affect his opinion on disability. One who denies the existence of a potential cause is hampered in evaluating an effect. A disbeliever in the gravitational effect of the moon may nonetheless accurately predict the tides, but he has a lot of explaining to do.
 
 
 20
 Therefore, at the very least, Dr. Abernathy, the ALJ, or both should explain why Dr. Abernathy's opinion on respiratory disability is entitled to great weight while his inconsistent opinions on the existence of pneumoconiosis are rejected. On a silent record, we will not speculate that an adequate explanation exists.
 
 D.
 
 21
 Finally, the claimant argues that Dr. Abernathy did not appreciate the strenuous nature of Justus' usual coal mine work. See Walker v. Director, OWCP, 927 F.2d 181 (4th Cir. 1991). Because we remand on other grounds, we need not address this contention.
 
 III.
 
 22
 We reverse and remand for prompt reconsideration of Justus' claim. On remand, the rule of Adkins must be observed: chronologically irreconcilable items of evidence must be evaluated on their own merits. If substantially different degrees of weight are given to parts of a single medical opinion, the rationale for the difference must be lucidly explained. Finally, as in all cases, this claim should be considered in light of the Act's "principle that doubt is to be resolved in favor of the claimant." Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 156 (1987); Greer v. Director, OWCP, 940 F.2d 88, 90 n.3 (4th Cir. 1991).
 
 REVERSED AND REMANDED WITH INSTRUCTIONS
 
 
 [1]
 The qualifying values for pulmonary function and blood gas tests are specified in 20 C.F.R. § 718.204 and appendices B and C to 20 C.F.R. Part 718
 
 
 [2]
 See 20 C.F.R. § 727.203(a)
 
 
 [3]
 One of these three later tests here "heavily" weighed was discredited two paragraphs earlier-"The physician administering the October 8, 1986 ventilatory function test listed cooperation as 'unsatisfactory'. I therefore accord it very little weight."