9 F.3d 111
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Doshie WATTS, (Widow of Roy Watts), Petitioner-Appellant,
v.
PEABODY COAL COMPANY; Old Republic Insurance Company;
Director, Office of Workers' Compensation
Programs; United States Department of
Labor, Respondents-Appellees.
 No. 93-3128.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1993.
 
 Before: MERRITT, NORRIS, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Doshie Watts, the widow of Roy Watts, appeals the decision of the United States Department of Labor's Benefits Review Board reversing the administrative law judge's award of benefits. The Board concluded that because petitioner had filed her second survivor's claim for benefits more than one year after her initial claim, it was barred under 20 C.F.R. Sec. 725.309(d).
 
 
 2
 Our task on review is limited to evaluating whether the administrative law judges' and Board's decisions are rational, supported by substantial evidence, and consistent with applicable law. Jordan v. Director, OWCP, 892 F.2d 482, 486 (6th Cir.1989) (citation omitted).
 
 
 3
 In denying petitioner's second survivor's claim, the Board relied on Sec. 725.309, which provides in relevant part that "[i]f an earlier survivor's claim filed under this part has been finally denied, the new claim filed under this part shall also be denied unless the deputy commissioner determines that the later claim is a request for modification and the requirements of Sec. 725.310 are met." 20 C.F.R. Sec. 725.309(d). In turn, Sec. 725.310 allows the deputy commissioner to reconsider the terms of an award or denial of benefits, "on grounds of a change in conditions or because of a mistake in a determination of fact ... at any time before one year after the denial of a claim." 20 C.F.R. Sec. 725.310(a). Section 725.309 codifies the principle of res judicata. Sahara Coal Co. v. Office of Workers' Compensation Programs, 946 F.2d 554, 556 (7th Cir.1991); Lukman v. Director, OWCP, 896 F.2d 1248, 1253-54 (10th Cir.1990) (implicit); accord Pittston Coal Group v. Sebben, 488 U.S. 105, 122-23 (1988) (principle of res judicata applies in black lung proceedings).
 
 
 4
 Despite this, petitioner contends that the Sixth Circuit has refused to accord res judicata status to Sec. 725.309(d) in the context of duplicate survivor's claims, citing Clark v. Director, OWCP, 838 F.2d 197 (6th Cir.1988) and Jordan, 892 F.2d at 482. Petitioner is incorrect. In both of those cases, the Sixth Circuit held merely that the Board could not rely on Sec. 725.309 as a basis for dismissing a duplicate claim because the provision had not been raised at any stage of the proceedings. See Clark, 838 F.2d at 200 (expressly declining to address Board's construction of Sec. 725.309 on ground that Director had waived reliance on that regulation by not previously citing it to the Board); Jordan, 892 F.2d at 489 (reversing order of Board rejecting claim on basis of duplicate claim regulations because Director had not relied on them at any stage of the proceedings). That is because res judicata is an affirmative defense which must be affirmatively raised or otherwise waived. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-08 n. 19 (1975).
 
 
 5
 In this case, however, respondents did not waive their Sec. 725.309 defense, having raised it first in a letter dated January 15, 1987, next as the basis for their motion for summary judgment on the second claim, and again at the administrative hearing. Thus, Clark and Jordan simply do not apply.
 
 
 6
 Petitioner also suggests that her development of additional evidence alters the analysis. This argument mistakenly relies on the second sentence of subsection (d), which applies only to miners, not to surviving spouses. See 20 C.F.R. Sec. 725.309(d). See also Lukman, 896 F.2d at 1253 (current regulatory language was added to permit a new claim to a miner whose claim has once been finally denied reflects Department of Labor's understanding that nature of the disease is progressive). A similar option is not provided to survivor's. See 20 C.F.R. Sec. 725.309(d).
 
 
 7
 In summary, the Board correctly concluded that since petitioner's second claim for benefits was filed more than one year after the final denial of her first claim, her second claim was subject to denial as a duplicate claim under Sec. 725.309(d).
 
 
 8
 AFFIRMED.