FREEMAN UNITED COAL MINING COMPANY, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, and Marie Tasky, widow of Victor Tasky, Respondents.

No. 95–2486.

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1996.

Decided Aug. 29, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 1, 1996.

---

Kathryn S. Matkov, Karin T. O'Connell (argued), Gould & Ratner, Chicago, IL, for petitioner Freeman United Coal Mining Company.

Ida Castro, Dept. of Labor, Appellate Litigation, Washington, DC, Patricia M. Nece, Dept. of Labor, Office of the Solicitor, Washington, DC, for respondent Office of Workers' Compensation.

Rebecca Whittington, Feirich, Mager, Green & Ryan (argued), Carbondale, IL, for respondent Maria Tasky.

Thomas O. Shepherd, Jr., Benefits Review Bd., Executive Counsel, Clerk of the Bd., Washington, DC, Donald S. Shire, Rodger Pitcairn (argued), Dept. of Labor, Office of the Solicitor, Washington, DC, for party–in–interest Benefits Review Bd.

Before FLAUM, EASTERBROOK, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Freeman United Coal Mining Company ("Freeman") seeks review of an order of the Benefits Review Board (the "Board") of the Department of Labor (the "DOL") awarding Marie Tasky benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, *et seq.* (the "Act"). Victor Tasky filed claims for benefits in 1981 and 1982, and after his death, his wife Marie Tasky filed a claim for survivor's benefits in 1985. The Administrative Law Judge ("ALJ") determined that the DOL had improperly closed Mr. Tasky's original application, and therefore evaluated Mrs. Tasky's claim under the regulations applicable at the time his first claim was filed. The Board agreed with the ALJ's determination that the 1981 application remained viable and affirmed the ALJ's decision on the merits to award Mrs. Tasky benefits. Freeman argues that the ALJ and the Board erred in concluding that the DOL improperly closed Mr. Tasky's original claim and that the ALJ's award of benefits is not supported by substantial evidence. We hold that Mrs. Tasky's claim was erroneously adjudicated under the

1981 standards and accordingly remand this matter for further proceedings.

## I.

Mr. Tasky submitted his first application for benefits to the DOL on January 26, 1981. Mr. Tasky was assisted in the claim process by a lay representative from his union. A deputy commissioner in the DOL's Office of Workers' Compensation Programs denied Mr. Tasky's claim on March 31, 1981, finding that Mr. Tasky had failed to establish that he was totally disabled by pneumoconiosis. The deputy commissioner informed Mr. Tasky of the denial in a March 31 letter, which clearly stated that if Mr. Tasky disagreed with the determination and wished to further pursue his claim, he was required, within sixty days, to submit additional evidence or request a formal hearing. On April 13, 1981, Mr. Tasky's representative asked the deputy commissioner to reconsider the case. On April 17, the deputy commissioner refused this request, stating that the claim had been denied because total disability had not been established. Several days later Mr. Tasky's representative once again requested reconsideration, without submitting any additional evidence. In a letter dated April 28, 1981, the deputy commissioner again apprised Mr. Tasky that his application had been denied informally on March 31 because the medical evidence in his file failed to demonstrate total disability. The letter further advised Mr. Tasky to "submit additional evidence and/or request a hearing before May 30, 1981" if he intended to pursue his claim.

In reaction to these exchanges, Mr. Tasky's representative then wrote to the DOL on May 6, 1991, stating:

> I am writing this letter in regard to [Mr. Tasky] to inform your Department that [he] intends to pursue [his] claim for Black Lung benefits.
>
> Additional medical evidence will be submitted as soon as possible.
>
> Pursuant to the reconsideration provision of the Act I hereby request that you retain this file for 1 year from the date of the initial finding. If the additional medical evidence submitted is found to be insufficient to invoke a finding of entitlement I

ask the case be referred to the Office of the Administrative Law Judge for a formal hearing.

Mr. Tasky took no further action on his application for over eighteen months. Then on November 15, 1982, his representative sent the results of an arterial blood gas study to the deputy commissioner. In response to this new evidence, the deputy commissioner explained that the denial of Mr. Tasky's claim became final on March 31, 1982, one year after the informal denial. The DOL invited Mr. Tasky to submit a new application, which he did on November 29, 1982. This claim was eventually denied by the deputy commissioner, after which Mr. Tasky requested a formal hearing with an administrative law judge. However, on September 23, 1985, before an administrative law judge heard the case, Mr. Tasky died.

After her husband's death, Mrs. Tasky submitted an application for survivor's benefits in December of 1985. Mr. Tasky's 1982 claim was remanded to the deputy commissioner and consolidated with his widow's application. The deputy commissioner determined that Mrs. Tasky was not entitled to benefits, and Mrs. Tasky subsequently requested a formal hearing. The ALJ held a formal hearing on January 6, 1988 and issued a decision in July of 1988. The ALJ determined that the DOL had improperly closed Mr. Tasky's original 1981 claim, and therefore adjudicated the case under the standards in existence at the time that claim was filed. On the merits the ALJ found that Mr. Tasky had been totally disabled due to pneumoconiosis prior to his death and, consequently, awarded Mrs. Tasky benefits. Freeman appealed this decision to the Board, which affirmed the ALJ's determination that the 1981 claim was viable, but remanded the case to the ALJ for reweighing of the medical evidence under 20 C.F.R. § 718.204. On remand the ALJ again ruled in favor of Mrs. Tasky, and on April 26, 1995, the Board affirmed the ALJ's award of benefits. Freeman then filed a petition for review in this court, requesting that we vacate the Board's order affirming the award of benefits.

## II.

Freeman argues that the ALJ and the Board erred in concluding that Mr. Tasky's 1981 claim was inappropriately closed by the DOL and hence that the ALJ and the Board evaluated Mrs. Tasky's application under incorrect legal standards. At issue in this case is the proper interpretation of 20 C.F.R. § 725.410(c), which sets forth procedures to be followed after an initial finding by the DOL of ineligibility for benefits. The regulation provides in relevant part:

> If the evidence submitted does not support an initial finding of eligibility, the deputy commissioner shall so notify the claimant in writing. This notification shall specify the reasons why the claim cannot be approved, the additional evidence necessary to establish entitlement, the right of the claimant to submit additional evidence, and the right to request a hearing. Within 60 days from the mailing of such notice, unless such period is extended by the deputy commissioner for good cause shown, the claimant may submit new evidence or request a hearing. If the claimant: (1) Takes no action within the specified 60 day period, the claim shall be considered denied by reason of abandonment. . . .

20 C.F.R. § 725.410(c). The ALJ held that Mr. Tasky's letter of May 6, 1981 was a request for a formal hearing under 20 C.F.R. § 725.410(c) that prevented the deputy commissioner's initial denial from becoming final. Moreover, the ALJ found that if the DOL had determined that the letter was insufficient to preserve Mr. Tasky's rights, the DOL had a duty to inform him of that fact. The Board reached the same conclusion as the ALJ regarding the effect of the May 6 letter, reasoning that the letter expressed an "unconditional intent to pursue the 1981 claim beyond the district director level" and thereby satisfied Mr. Tasky's obligations under 20 C.F.R. § 725.410(c).

The Director of the Office of Workers' Compensation Programs (the "Director") has weighed in with a competing interpretation of the regulation. The Director maintains that the regulation clearly requires a claimant whose claim is initially denied to either request a formal hearing or submit new evidence within sixty days. In the Director's view, a request for a hearing that is conditioned on a future event is insufficient to satisfy the terms of 20 C.F.R. § 725.410(c). Moreover, the Director asserts that if a claimant fails to request a hearing or submit new evidence within the sixty-day period, his claim is *automatically* deemed denied by reason of abandonment. Thus, according to the Director, the DOL is under no obligation to inform a claimant that his prior correspondence did not meet the requirements of the regulation before a claim can be denied due to abandonment. The Director therefore concludes that Mr. Tasky's May 6, 1981 letter lacked legal effect and joins Freeman in requesting that we vacate the decision and order of the Board.

We begin our analysis by observing that "[b]ecause the black lung regulations are issued by the Office of Workers' Compensation rather than by the Benefits Review Board, it is to the former body rather than the latter [that] we owe the usual deference that courts give agencies' interpretations of their own regulations or governing statutes." *Sahara Coal Co. v. OWCP*, 946 F.2d 554, 557 (7th Cir.1991); *see Potomac Elec. Power Co. v. Director, OWCP*, 449 U.S. 268, 278 n. 18, 101 S.Ct. 509, 514–15 n. 18, 66 L.Ed.2d 446 (1980). Thus, while we review the legal determinations of the Board (and the ALJ) *de novo*, *Freeman United Coal Mining Co. v. OWCP*, 20 F.3d 289, 293 (7th Cir.1994), the Director's interpretation of the regulation "is controlling unless it is plainly erroneous or inconsistent with the regulation." *Peabody Coal Co. v. Director, OWCP*, 972 F.2d 178, 183 (7th Cir.1992) (quoting *Peabody Coal Co. v. Blankenship*, 773 F.2d 173, 175 (7th Cir. 1985)).

Before proceeding to our interpretive task, we note that the ALJ's determination that the 1981 claim was viable affected two central issues relating to the merits of Mrs. Tasky's claim for benefits. First, in claims filed prior to January 1, 1982, if a miner establishes that he was employed for fifteen years in coal mines and that he suffers from a totally disabling respiratory impairment, there is a rebuttable presumption that his disability (or death) is due to pneu-

moconiosis. 20 C.F.R. § 718.305(a), (e). The ALJ applied this presumption, found it unrebutted, and awarded benefits as a result.[1] Without this presumption, which is available only for claims filed prior to 1982, Mrs. Tasky would have the burden of proving that Mr. Tasky's respiratory disability was caused by pneumoconiosis. Second, a survivor has a right to derivative entitlement in miner claims filed before January 1, 1982. Thus once the ALJ determined that Mr. Tasky had qualified for benefits on his 1981 claim, Mrs. Tasky became entitled to those same benefits as a matter of course. *See* 20 C.F.R. §§ 718.1(a), 725.212. For miner claims filed after January 1, 1982, however, the survivor generally must establish that the miner's death was due to pneumoconiosis in order to receive benefits. *See id.* Determining the viability of the 1981 claim is therefore essential to the correct application of the regulatory criteria in this case.[2]

■■■ The Director takes the position that a miner has two specific ways to avoid the abandonment of his claim under 20 C.F.R. § 725.410(c): within sixty days he may either submit new evidence or unconditionally request a hearing. Examining the language of 20 C.F.R. § 725.410(c), we see that a claim will be considered denied through abandonment if the claimant "[t]akes no action within the specified 60 day period." The specific actions that a claimant can take to avoid abandonment are clarified in the preceding sentence of the regulation, which provides that within the sixty-day period "the claimant may submit new evidence or request a hearing." Thus, a claim will properly be denied because of abandonment if the claimant fails to submit new evidence or request a hearing within sixty days. *Sahara Coal Co.*, 946 F.2d at 556. That brings us to the question of whether Mr. Tasky's May 6, 1981 letter was sufficient to constitute a hearing request under the regulation. The letter stated that additional medical evidence would be submitted "as soon as possible" and requested that "[i]f the additional medical evidence is ... insufficient," the case be referred to an ALJ. The Director believes that such open-ended requests are ineffective to avoid abandonment, and we agree.

The abandonment provision is designed to allow for the efficient and orderly processing of claims by attaching some degree of finality to claims that are denied initially and not pursued. If a claimant submits new evidence or requests a hearing within sixty days, the DOL will reevaluate the claim (where new evidence is submitted) or will forward the claim to the Office of Administrative Law Judges (where a hearing is requested). Otherwise, the DOL denies the claim, subject only to the modification provision of the Act. This interest in finality would be completely subverted if claimants could keep their claims open through requests conditioned on future events. In the current case, for example, Mr. Tasky conditioned his request on the submission of additional evidence, a submission that he did not make until more than nineteen months after the initial denial of his claim.[3] Other claimants could make similar

---

1. A miner qualifies for black lung benefits if (1) he is totally disabled; (2) the disability was caused, at least in part, by pneumoconiosis; and (3) the disability arose out of coal mine employment. *See, e.g., Old Ben Coal Co. v. Director, OWCP*, 62 F.3d 1003, 1007 (7th Cir.1995).

2. Freeman argues that the ALJ erred because he addressed the viability of the 1981 application *sua sponte*. We believe, however, that the ALJ was well within his discretion in considering this issue, despite the parties' failure to raise it, as its resolution was necessary to accurately determine which regulations applied to Mrs. Tasky's claim for benefits.

3. Mrs. Tasky argues, and the Board found, that the letter expressed Mr. Tasky's unconditional intent to pursue his claim in a formal hearing. Yet the letter only stated that Mr. Tasky intended "to pursue [his] claim" and did not explain how he would do so. The remainder of the letter revealed that he was planning to submit new medical evidence and asked the DOL to hold his file open for one year pursuant to the modification provision of the Act. Thus, at the time of the letter, Mr. Tasky sought to resolve his claim in informal proceedings before the DOL. His request for a formal hearing was conditioned upon a future adverse action by the DOL in these informal proceedings. If Mr. Tasky had submitted new evidence and the DOL had found the new evidence sufficient, he obviously would not have asked for a formal hearing with an ALJ. At oral argument counsel for Mrs. Tasky asserted that we should read the letter as an unconditional request for a hearing because it was drafted by a lay representative and not a lawyer. Although we have no doubt that the black lung regulations are a complex web of rules in which an unwit-

requests conditioned on events that might occur years down the road or never occur at all. Allowing this type of request to satisfy the requirements of 20 C.F.R. § 725.410(c) would undermine the finality concerns on which the regulation is based. Moreover, the regulation specifically permits the deputy commissioner to extend the sixty-day period in limited circumstances—where the claimant shows "good cause." [4] A claimant should not be able to dodge this burden and extend the sixty-day period indefinitely simply by making a conditional hearing request.

The Director's stance is further supported by the modification provision of the Act, 30 U.S.C. § 932(a) (incorporating by reference 33 U.S.C. § 922), which allows the deputy commissioner, within one year of the initial denial of a claim, to reconsider the claim on the grounds of a change in conditions or a mistake of fact. *See Eifler v. OWCP,* 926 F.2d 663, 665 (7th Cir.1991). In order for a claimant to receive benefits after this one-year period, he must file a second application and demonstrate "a material change in conditions" from the time of the initial denial. *See* 20 C.F.R. § 725.309(d); *Amax Coal Co. v. Franklin,* 957 F.2d 355, 356 (7th Cir.1992); *Sahara Coal Co.,* 946 F.2d at 556. The ALJ's (and the Board's) acceptance of Mr. Tasky's conditional hearing request would allow claimants to circumvent these rules and thereby thwart the desire for finality that the rules represent. Mr. Tasky did not submit any additional evidence until more than nineteen months after the deputy commissioner initially denied his claim. Under the applicable regulations, he was therefore required to file a second application and demonstrate a material change in conditions. Mr. Tasky's prior request for a formal hearing, which was conditioned on the possible subsequent inadequacy of his medical evidence, does not serve as a release from these requirements.

■ The ALJ also held that the DOL had an obligation to warn Mr. Tasky that his May 6, 1981 letter was insufficient to preserve his rights before his claim could be considered abandoned. Yet the DOL clearly complied with the notice requirements contained in 20 C.F.R. § 725.410(c). In its March 31, 1981 denial letter, the deputy commissioner informed Mr. Tasky that he could either submit additional evidence or request a formal hearing, and that failure to act within sixty days would result in abandonment. Moreover, on April 28 the deputy commissioner again advised Mr. Tasky to submit additional evidence or request a hearing before May 30, 1981 if he wished to pursue his claim. The language of 20 C.F.R. § 725.410(c) does not require the DOL to notify a claimant that a specific correspondence fails to satisfy the regulation, and we refuse to read such a duty into the provision. Rather, as the Director insists, if a claimant does not submit new evidence or request a hearing within the sixty-day period, the claim is automatically denied by reason of abandonment. *See Tonelli v. Director, OWCP,* 878 F.2d 1083, 1086 (8th Cir.1989); *Adkins v. Director, OWCP,* 878 F.2d 151, 153 (4th Cir.1989); *Clark v. Director, OWCP,* 838 F.2d 197, 199–200 (6th Cir.1988).

## III.

For the foregoing reasons, we conclude that the Director's position that Mr. Tasky's 1981 claim was properly denied by reason of abandonment under 20 C.F.R. § 725.410(c) is entirely reasonable. We thus Vacate the Decision and Order of the Benefits Review Board and Remand the case to the ALJ for further proceedings consistent with this opinion.

---

ting miner may be caught, a claimant's choice to proceed without counsel cannot excuse his failure to follow the manifest requirements of a regulation. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

**4.** The deputy commissioner did not construe Mr. Tasky's letter as an extension request and neither do the parties on this appeal.