Ruby **BISHOP**, Petitioner,

v.

**SHELBY FUELS CORPORATION;** Old **Republic Insurance Company;** Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 01–4237.

United States Court of Appeals,
Sixth Circuit.

April 29, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District Judge.*

Ruby Bishop ("Claimant"), widow of miner Ollie Bishop ("Miner"), petitions pro se for review of the Benefits Review Board's ("Board's") decision and order denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The Claimant originally filed an application for survivor's benefits in February 1980, following the death of her husband on February 9, 1980. The Miner's death certificate listed the immediate cause of death as a cerebrovascular accident with left hemiplegia due to arteriosclerotic heart disease with recent extensive inferior lateral myocardial infarction. No other significant condition contributing to the Miner's death was listed. The deputy commissioner denied benefits on the ground that there was no evidence that the Miner's death was in any way due to coal workers' pneumoconiosis. On appeal to the Office of Administrative Law Judges (OALJ), counsel for both parties submitted an agreed order dismissing the case, based on their evaluation that "further pursuit of entitlement in this claim ... is futile and is discontinued." The administrative law judge (ALJ) granted the agreed order to dismiss in an order issued on January 16, 1986.

Over twelve years later, on November 23, 1998, the Claimant filed a second survivor's claim. The district director denied the claim on August 20, 1999, and the claim was transferred to the OALJ. The ALJ granted the Employer's motion for summary judgment and dismissed the claim in an order issued on March 30, 2000. The ALJ found that this was a duplicate claim that must be denied as a matter of law since the Claimant could demonstrate no change in condition since the denial of her first claim and it could not be considered a request for modification. On May 23, 2001, the Board affirmed the ALJ's order as supported by substantial evidence and containing no reversible error. The Claimant's motion for reconsideration was denied on September 25, 2001.

In her petition for review, the Claimant argues that her late husband suffered from black lung disease and that the ALJ erred in denying her application for benefits.

This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determina-

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

tions. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998); *Director, OWCP v. Quarto Mining Co.,* 901 F.2d 532, 536 (6th Cir.1990). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. *Seals,* 147 F.3d at 510; *Peabody Coal Co. v. Greer,* 62 F.3d 801, 804 (6th Cir.1995).

■ Because the Claimant's November 1998 survivor's claim was filed more than one year after her prior claim was denied, it was properly analyzed by the ALJ under the duplicate claims provision found at 20 C.F.R. § 725.309. Pursuant to that regulation, it is the claimant's burden to show a material change in the miner's condition before he or she is entitled to further adjudication. *Sharondale Corp. v. Ross,* 42 F.3d 993, 996 (6th Cir.1994). However, the regulation further provides that, "[i]f an earlier *survivor's* claim filed under this part has been finally denied, the new claim filed under this part shall also be denied unless the [district director] determines that the later claim is a request for modification and the requirements of § 725.310 are met." (Emphasis added). The purpose behind § 725.309(d) of providing relief from the ordinary principles of finality and *res judicata* to any miner whose physical condition deteriorates due to the progressive nature of black lung disease is simply not applicable to a survivor's claim based upon a miner who is deceased. *Sahara Coal Co. v. Office of Workers' Compensation Programs,* 946 F.2d 554, 556 (7th Cir.1991); *Lukman v. Director, OWCP,* 896 F.2d 1248, 1253 (10th Cir. 1990). Therefore, the ALJ and the Board properly concluded that, because the Claimant had filed her second survivor's claim for benefits more than one year after her initial claim was finally denied, it must be denied as a matter of law pursuant to § 725.309(d).

■ The Claimant urges this court to find that she is entitled to benefits because the Miner was diagnosed with pneumoconiosis. Even assuming that the Miner suffered from pneumoconiosis, that fact is insufficient to entitle the Claimant to survivor's benefits, which requires a finding that the Miner's death was due to pneumoconiosis. *See* 20 C.F.R. §§ 718.1(a), 718.205(c). The undisputed evidence submitted in both survivor's claims establishes that the Miner died from a massive stroke following an earlier extensive heart attack. There is absolutely no indication in the evidence that the Miner's death was due to or hastened by coal workers' pneumoconiosis. *See Brown v. Rock Creek Mining Co.,* 996 F.2d 812, 816 (6th Cir.1993).

The ALJ's decision is supported by substantial evidence and is in accordance with the applicable law. Accordingly, Ruby Bishop's petition for review of the Board's decision and order is denied.